

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

LK:WDS

*271 Cadman Plaza East*
*Brooklyn, New York  11201*

February 14, 2012

<u>By ECF</u>

The Honorable Edward R. Korman
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:  United States v. William Vasquez
          <u>Criminal Docket No. 91-482 (ERK)</u>

Dear Judge Korman:

    On December 23, 2011, the defendant filed a motion for early termination of supervised release ("Def.'s Mot.") based on the defendant's completion of a four-month period of residential drug treatment.  On January 23, 2012, the Probation Department submitted a memorandum opposing the defendant's request, detailing the defendant's significant history of noncompliance with his supervision, which is currently scheduled to continue until September 17, 2024.  The facts relevant to the defendant's application are fully set forth in the Probation Department's memorandum and will not be repeated here.  The government respectfully submits this letter to join the Probation Department's opposition to the defendant's request because the defendant's application fails to present even a colorable claim for early termination under the applicable standards articulated by the Second Circuit.

    The Court may terminate a term of supervised release "at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."  18 U.S.C. § 3583(e)(1).  "Before making such a determination," however, the Court must "consider several factors set forth in 18 U.S.C. § 3553(a)[1] as well as any 'new or

---

    [1]  Specifically, the court must consider the nature and circumstances of the offense and the history and characteristics

unforseen circumstances' that make termination appropriate." United States v. Buckler, No. 08-CR-800 (SJ), 2011 WL 3439526, at *1 (E.D.N.Y. June 15, 2011) (explanatory footnote added) (quoting United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997)).

    Although Section 3583(e) "requires the [C]ourt, as it decides whether or how to modify the conditions of supervised release, to consider many of the same factors that it is required to consider in originally imposing a sentence upon a convicted defendant," the Court's original analysis of the sentencing factors at the time of sentencing are not to be disregarded. Lussier, 104 F.3d at 34-35. Rather, a modification is available only upon a determination by the Court that the sentencing goals "would be better served by a modification" as opposed to the original sentence. Id. at 35 (emphasis supplied). As the Second Circuit has advised, this will occur only "[o]ccasionally," and where "new or unforeseen circumstances" that warrant modification are presented to the Court. Id. at 36. A defendant is "not entitled to early termination simply because he has successfully served a portion of his supervised release term," particularly when "no evidence has been presented -- such as exceptionally good behavior -- to substantiate such changed circumstances as might warrant early termination of supervised release." United States v. Sheckley, 129 F.3d 114 (Table), 1997 WL 701370, *1-2 (2d Cir. 1997)(internal quotation marks omitted).

    Applying those standards here, the defendant's application falls far short of justifying early termination. Indeed, the defendant has not yet demonstrated a substantial period of compliance, much less a significant period of anything approaching "exceptionally good behavior." Id. The Court should also consider that the defendant's term of supervision is not set to expire until 2024. The defendant's history of supervision thus far provides no basis to disturb the judgment of the

---

of the defendant (§ 3553(a)(1)), the need for the sentence imposed (§ 3553(a)(2)), the applicable Guidelines sentences (§ 3553(a)(4)), any pertinent sentencing policy statements (§ 3553(a)(5)), the need to avoid unwarranted sentencing disparities (§ 3553(a)(6)), and the need to provide restitution (§ 3553(a)(7)). 18 U.S.C. § 3583(e).

district court at the time of sentencing that a substantial term of supervision was warranted.  The motion should be denied.

                              Respectfully submitted,

                              LORETTA E. LYNCH
                              UNITED STATES ATTORNEY

By:         /s/
            David Sarratt
            (718)254-6418

Enclosure

cc: Counsel of Record (By ECF)
    Kathleen Slevin, U.S.P.O. (By E-mail)